# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *

KATELYN SPEAKMAN, Individually,   *

                                      *     No. 10-552V

               Petitioner,     *     Special Master Christian J. Moran

                                        *

v.                                    *

                                        *     Filed: May 3, 2013

SECRETARY OF HEALTH         *

AND HUMAN SERVICES,        *     Stipulation; HPV vaccine; abdominal pain

                                        *

               Respondent.     *

* * * * * * * * * * * * * * * * * * * * * * * * *

James Blumenstiel, Blumenstiel, Evans & Falvo, LLC, Columbus, OH, for Petitioner;
Voris Johnson, United States Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On May 2, 2013, the parties filed a joint stipulation concerning the petition for compensation filed by Katelyn Speakman on August 16, 2010. In her petition, petitioner alleged that the human papillomavirus ("HPV") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on September 25, 2007, and either December 21, 2007, or January 21, 2008, caused her to suffer severe abdominal pain and other symptoms. Respondent denies that the HPV vaccine caused petitioner's alleged adverse reaction and residual effects, or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum payment of $30,000.00 in the form of a check payable to petitioner, Katelyn Speakman. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 10-552V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Tucker McCarthy, at (202) 357-6392.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

KATELYN SPEAKMAN, Individually,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

No. 10-552V **(ECF)**
Special Master Moran

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Katelyn Speakman ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly sustained following petitioner's receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.      Petitioner received HPV vaccines on September 25, 2007, and either December 21, 2007, or January 21, 2008.

3.      The vaccines were administered within the United States.

4.      Petitioner alleges that she subsequently suffered severe abdominal pain and other

---

[1] The petition was originally filed on August 16, 2010, by petitioner's parents, Shelly and Todd Speakman. However, petitioner was born on June 14, 1991, and she was therefore nineteen (19) years old when the petition was filed. The age of majority in Ohio, where petitioner lives, is eighteen (18) years. Ohio Rev. Code Ann. § 3109.01 (West 2011). Because petitioner was a competent adult at the time the petition was filed, the petition was amended by Order dated December 6, 2012, to reflect that petitioner is the sole proper petitioner.

symptoms, which petitioner alleges were caused-in-fact by her receipt of the HPV vaccines. Petitioner further alleges that she experienced the residual effects of her injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the HPV vaccines caused petitioner's alleged adverse reaction and residual effects, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $30,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

2

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of herself, her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected  personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the HPV vaccines administered on September 25, 2007, and either December 21, 2007, or January 21, 2008, as alleged by petitioner in a petition for vaccine compensation filed on or about August 16, 2010, in the United States

3

Court of Federal Claims as petition No. 10-552V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that petitioner's alleged injury and residual effects, or any other injury, were caused-in-fact by the HPV vaccines.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/

4

Respectfully submitted,

PETITIONER:

*Katelyn Speakman*
KATELYN SPEAKMAN


ATTORNEY OF RECORD FOR
PETITIONER:

JAMES B. BLUMENSTIEL
Blumenstiel, Evans & Falvo LLC
261 W. Johnstown Rd.
Columbus, OH 43230-2732
(614) 475-9511


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
  Injury Compensation (DVIC)
Director, Countermeasures Injury
  Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 5/2/13


AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

VORIS E. JOHNSON, JR.
Senior Trial Attorney Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

5